# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BY REFERRAL ONLY, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>         Defendant. | Case No.: 18cv1695-MMA (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RE-TAX BILL OF COSTS**<br><br>[Doc. No. 32] |

  Plaintiff By Referral Only, Inc. ("Plaintiff") filed this action against Defendant Travelers Property Casualty Company of America ("Defendant") alleging causes of action for breach of fiduciary duty of good faith and fair dealing and breach of insurance contract. Doc. No. 1. The Court granted summary judgment in favor of Defendant on April 10, 2019. Doc. No. 23. On April 24, 2019, Defendant filed a bill of costs. Doc No. 25. On May 6, 2019, Plaintiff filed an objection to the bill of costs. Doc. No. 27. On May 9, 2019, at a hearing for taxation of costs, the Clerk instructed Defendant to file a supplemental document providing written clarification of certain items. Doc. Nos. 26, 31 at 1. Defendant did not file a supplemental document. Doc. No. 31 at 1. On May 15, 2019, the Clerk taxed $1,531.45 in costs in favor of Defendant. *Id.* at 3.

  On May 22, 2019, Plaintiff filed a motion to re-tax costs. Doc. No. 32-1 ("Mtn."). Defendant filed a response in opposition. Doc. No. 33 ("Oppo."). Plaintiff did not file a

reply. *See* Docket.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 34.  For the following reason, the Court **GRANTS** Plaintiff's motion.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  "This discretion, however, is not without limits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014).  "A district court must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-American Educators*, 231 F.3d at 591.  "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba*, 743 F. 3d at 1247-48.

"A court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources." *Rivera v. NIBCO, Inc.*, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010) (citing *Ass'n of Mexican-American Educators*, 231 F.3d at 592).  In considering the plaintiff's limited financial resources, the court should inquire as to whether an award of costs might make the plaintiff indigent. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (referring to the possibility that the plaintiff "would be rendered indigent should she be forced to pay" the amount assessed against her); *see also Mansourian v. Bd. of Regents of the Univ. of Cal. at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008) (refusing to award costs against student plaintiffs, noting their "limited financial resources" and that they were barely able to cover their monthly living expenses).  Additionally, "[t]he financial disparity between the parties is . . . a relevant consideration." *Rivera*, 701 F. Supp. 2d at 1144; *see also*

2

18cv1695-MMA (JLB)

*Ass'n of Mexican-American Educators*, 231 F.3d at 592 (noting that denial of costs is appropriate where there exists a great economic disparity between the parties).

Here, Plaintiff moves the Court to "exercise its discretion to deny Defendant's . . . costs in light of the financial disparity between the parties and the limited financial resources of [Plaintiff]." Mtn. at 3-4. Defendant counters that the Court need not deny a prevailing party's costs due to "financial disparity alone," including limited resources. Oppo. at 3.

Jeff Robbins, the managing director of Plaintiff, declares that Plaintiff is a small company that "is in financial straits," reporting a loss of "approximately $45,000.00 in 2017, a loss of approximately $53,000.00 in 2018, and for Q1 of the current year, a loss of approximately $49,000.00." Doc. No. 32-3 ("Robbins Decl.") ¶ 4. He further declares that Referral "is struggling to stay in business . . . and any additional debt will threaten the continued viability of the company." *Id.* Referral is "considering all options, including bankruptcy protection . . . ." *Id.* Defendant does not contend Referral is not of limited financial resources, but instead argues that corporations engaged in a business for profit could have evaluated the merits and potential pitfalls of the action before filing the complaint, including the potential for a costs award. Oppo. at 4. According to Defendant, the Court should require Plaintiff to pay costs because they were aware of the risks of litigation. *See id.* Additionally, Plaintiff attached Defendant's annual statement for 2018, which shows that Defendant's claimed assets and net worth are significant. *See* Doc. No. 32-2, Exhibit 1. Thus, there is significant economic disparity between the parties in this case and Plaintiff has shown it has limited financial resources.

Although, Plaintiff does not argue the case involves issues of substantial public interest, the issues in the case are close and difficult, or that there would be a chilling effect on future similar actions, the Court finds, in its discretion, that an award of costs here would be inequitable due to Plaintiff's limited financial resources and the great economic disparity between the parties. *See, e.g., Ass'n of Mexican-American Educators*, 231 F.3d at 591, 593 (discussing the financial disparity between the parties and noting the

plaintiff's limited financial resources); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1038 (9th Cir. 2005) (affirming the district court's denial of costs where the district court noted the losing party's "lack of financial resources and the substantial profit" of the prevailing party).

Accordingly, the Court **GRANTS** Plaintiff's motion (Doc. No. 32), **DENIES** costs, and **VACATES** the Clerk of Court's Order dated May 15, 2019 (Doc. No. 31).

**IT IS SO ORDERED**.

Dated: June 25, 2019

Hon. Michael M. Anello
United States District Judge